UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL DAVIS JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EBAY, INC., et al.,<br><br>　　　　Defendants. | Case No. 4:18-cv-07771-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 1, 2 |

On December 28, 2019, Plaintiff Al Davis Jones filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I.　LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that he was a victim of fraud after wiring funds to purchase a car from Craigslist, which he never received. Plaintiff claims that the purchase was protected by the eBay Buyer Protection Program, and that the individuals he dealt with, and sent money to, were eBay's agents. (Compl., Dkt. No. 1 ¶¶ 8-11.) All of Plaintiff's claims, however, are state law causes of action. Despite, Plaintiff's claim to the contrary, diversity jurisdiction does

2

1 not exist, because both Plaintiff and eBay[1] are domiciled in California. Moreover, Plaintiff does not state a cause of action arising under federal law. Thus, at this juncture, the undersigned does not appear to have subject matter jurisdiction over Plaintiff's claims.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

## III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, including a basis for the federal court's jurisdiction, and must do so by filing an amended complaint by **March 15, 2019**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

///

---

[1] The undersigned notes that eBay is likely erroneously named. Based on the attached exhibits, it appears that the co-defendants misrepresented that the purchase was protected by the eBay Buyer Protection Program, as only vehicles purchased on eBay.com are protected by the program. *See* EBAY MOTOR PROTECTION PROGRAM, https://pages.ebay.com/motors/buy/purchase-protection/ (last visited Jan. 16, 2019). Indeed, eBay's website specifically warns about scams on Craigslist. *Id.* If Plaintiff elects to remove eBay as a defendant in the amended complaint, diversity jurisdiction will exist, and this court would subject matter jurisdiction.

3

Finally, the case management conference scheduled for April 2, 2019 is continued to **July 9, 2019** at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California. Case management conference statements are due on or before July 2, 2019.

IT IS SO ORDERED.

Dated: January 30, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge